# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CML-NV TWO, LLC, a Florida limited liability company, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:11-cv-00318-RLH-GWF |
| vs. | ) **ORDER** ) |
| DGRE, LLC, a Nevada limited liability company, *et al.*, | ) Plaintiff's Motion for Clarification ) of the December 5, 2011 Order ) Staying Discovery (#42) |
| Defendants. | ) ) |

This matter comes before the Court on Plaintiff's Motion for Clarification of the December 5, 2011 Order Staying Discovery (#42), filed on December 16, 2011, and Defendants' Response to Plaintiff's Motion for Clarification of the December 5, 2011 Order Staying Discovery (#43), filed on January 2, 2012. On December 5, 2011, the Court entered an Order (#34), granting Defendants' Motion to Stay Discovery, with the exception of the taking of Mr. Goff's Deposition. Plaintiff now brings this motion requesting clarification from the Court regarding whether Defendants must provide responses to the written discovery served on them prior to the Court granting the stay and whether the Order stays all other discovery deadlines including the dispositive motion deadline. In response, Defendants state that Plaintiff's motion is baseless, and the Order needs no clarification. Defendants therefore request reimbursement of the attorney's fees incurred as a result of having to respond to Plaintiff's motion.

The Court's Order was intended to stay *all* discovery, with the exception of Mr. Goff's deposition, pending decision on Defendants' Motion to Dismiss. Plaintiff argues that the Defendants should have to respond to Plaintiff's written discovery requests, which were served prior to the stay, because without the responsive documents, Plaintiff will not be in a position to

completely and fully depose Mr. Goff.  The Court stayed all discovery in this matter other than Mr. Goff's deposition and will not require Defendants to respond to the discovery requests that were served prior to the stay.  If new information is learned through discovery subsequent to Mr. Goff's deposition, then Plaintiff may obtain leave to conduct a follow-up deposition of Mr. Goff on matters that the Plaintiff did not have a reasonable opportunity to previously depose him on.

Further, the Court's Order (#34) provided that "discovery and all pre-trial deadlines in this action are stayed."  The term pre-trial deadlines encompasses the dispositive motions deadline and all other pre-trial deadlines in this case.  Additionally, the Court will not grant Defendants' request for reimbursement of their attorney's fees incurred as a result of filing their response to this motion.  Accordingly,

**IT IS HEREBY ORDERED** that  Plaintiff's Motion for Clarification of the December 5, 2011 Order Staying Discovery (#42) is **granted**.  The Court's Order (#34) stayed all discovery in this matter with the exception of Mr. Goff's deposition.  Defendants are therefore not required to respond to any written discovery requests that where served prior to the Court staying discovery.  The Court's Order further stays all pretrial deadlines, including the dispositive motion deadline.

**IT IS FURTHER ORDERED** that Defendants's request for reimbursement of their attorney's fees is **denied**.

DATED this 3rd day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge