UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CML-NV TWO, LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> DGRE, LLC; A Nevada limited liability company; DMCRE, LLC, a Nevada limited liability company; FLORINDO A. DEL SANGRO, an individual; JOSEPH F. DEL SANGRO, an individual; WILLIAM G. GOFF, JR. aka WILLIAM G. GOFF, as an individual and as Trustee of THE GOFF FAMILY TRUST; DALE VALENTI, an individual, <br><br> Defendants. | Case No.: 2:11-cv-00318-RLH-GWF <br><br> **O R D E R** <br><br> (Motion for Leave to Amend–#12; Motion to Dismiss–#19) |

Before the Court is Plaintiff CML-NV, Two, LLC's **Motion for Leave to Amend** (#12, filed Sept. 15, 2011). The Court has also considered Defendants' Opposition (#13, filed Sept. 29), and Plaintiff's Reply (#14, filed Oct. 11).

Also before the Court is Defendants' **Motion to Dismiss** (#19, filed Sept. 29) for lack of subject matter jurisdiction based on a lack of diversity. The Court has also considered Plaintiff's Opposition (#14, filed Oct. 11), and Defendants' Reply (#17, filed Oct. 19).

**BACKGROUND**

The background of this case is not particularly relevant to the disposition of these motions. Suffice it to say that Silver State Bank made loans to the LLC Defendants which were personally guaranteed by the individual Defendants. The Nevada Financial Institutions Division closed Silver State Bank in 2008, and appointed the Federal Deposit Insurance Corporation ("FDIC") as the receiver. The FDIC then formed the Plaintiff LLC and transferred the relevant loans to Plaintiff. Thereafter, Plaintiff initiated this lawsuit.

Now before the Court are two motions, one to amend and one to dismiss. For the reasons discussed below, the Court denies Plaintiff's motion for leave to amend and grants Defendants' motion to dismiss for lack of subject matter jurisdiction.

**DISCUSSION**

**I.     Motion to Dismiss**

    **A.     Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F.Supp.2d 949, 952 (D. Nev. 2004). A district court may *sua sponte* raise the issue of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h). Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party. Fed. R. Civ. P. 12(b)(1).

    **B.     Analysis**

Plaintiffs assert that the Court has diversity jurisdiction over this case. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in

1    controversy exceeding $75,000. 28 U.S.C. § 1332(a). The citizenship of a limited liability
2    company and other unincorporated entities is determined by the citizenship of each of its members.
3    *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 800 (9th Cir. 2006).[1] Thus,
4    diversity must be determined by looking at Plaintiff's member entities.
5           As clearly stated in Plaintiff's complaint (Dkt. #1), Plaintiff's only member is
6    Multibank 2009-1 CML-ADC Venture, LLC. Multibank is then made up of RL CML 2009-1
7    Investments, LLC and the FDIC. It is undisputed that RL CML (through its member entities) is
8    diverse from Defendants. Thus, the Court turns to the FDIC. The Complaint states that the FDIC
9    is a Delaware corporation, however Plaintiff has acknowledged that this is incorrect and that the
10   FDIC is a federally-chartered corporation (and seeks to correct this error in its motion for leave to
11   amend). As the Honorable James C. Mahan of this District recently recognized: "As a federally-
12   chartered corporation, the FDIC is not a citizen of any state, but rather is a national citizen only."
13   *RES-NV TVL, LLC v. Towne Vistas LLC*, 2:10-cv-1084-JCM-PAL, 2011 WL 5117886, *1 (D.
14   Nev. Oct. 27, 2011) (*citing Hancock Fin. Corp. v. Fed. Savings and Loan Ins. Corp.*, 492 F.2d
15   1325, 1329 (9th Cir. 1974)); *see also FDIC v. La Rambla Shopping Ctr., Inc.*, 791 F.2d 215, 221
16   (1st Cir. 1986). This Court also recently dealt with a substantially similar factual scenario (also
17   involving a loan the FDIC obtained through its receivership of Silver State Bank) and held that
18   where the FDIC is a member of a Plaintiff LLC, there is no diversity jurisdiction. *RES-NV Clark,
19   LLC v. Codi Investments, LLC*, 2:10-cv-01396-RLH-GWF, 2012 WL 112596 at *2 (D. Nev. Jan.
20   12, 2012). Thus, pursuant to the Ninth Circuit's decisions in *Columbia Properties* and *Hancock*,
21   the Court may not exercise diversity jurisdiction over the FDIC, and may not exercise diversity

---

[1] Plaintiff's argument that the Court should disregard *Columbia Properties*, binding Ninth Circuit precedent, merely because a few other circuits have held differently is exceedingly unpersuasive.

AO 72
(Rev. 8/82)

jurisdiction over LLCs of which the FDIC is a member.[2]  Accordingly, the Court grants the motion to dismiss without prejudice because it lacks jurisdiction.

The Court does note, however, that pursuant to NRS § 11.500(1)(b), Plaintiff has the right to re-file this case in a Nevada state court within 90 days of this dismissal regardless of any statute of limitations period that might otherwise bar filing at this point in time.

**II.     Motion for Leave to Amend**

The Court denies Plaintiff's motion for leave to amend because it would be futile as Plaintiff cannot correct the jurisdictional issue present in this case.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend (#12) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#19) is GRANTED.  The Clerk of the Court is directed to close this case.

Dated: January 24, 2012.

_____
**ROGER L. HUNT
United States District Judge**

---

[2] Many recent cases involving Multibank or other LLCs of which the FDIC is a member have held the same.  *See generally, RES-NC Settlers Edge, LLC v. Settlers Edge Holding Company, LLC*, 1:10cv173 (W.D.N.C. Sept. 3, 2011) (concluding after a thorough analysis that no exception applied allowing the court to exercise diversity jurisdiction over an LLC of which the FDIC is a member).  Also, FDIC LLCs have repeatedly argued in separate courts (with separate counsel) the exact opposite of what Plaintiff argues here.  *Towne Vistas, LLC*, 2011 WL 5117886, *2 (citing recent cases where FDIC LLCs argue against diversity jurisdiction on the grounds that the FDIC has no particular state citizenship).